CANADY, C.J.,
concurring in part and dissenting in part.
I would approve the decision of the Fifth District that is on review. Although I fully concur in Justice Polston’s opinion with respect to the double jeopardy issue, I dissent from the decision to quash the Fifth District’s decision and to remand for a sentencing proceeding with Dunbar present.
I conclude that Dunbar has not established that fundamental error arose from the court’s failure to impose the corrected sentence with Dunbar present. The error here was not harmful, much less fundamental. Given the mandatory duty of the sentencing court, there is no way in which Dunbar’s presence “would contribute to the fairness of the procedure.” Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). On the contrary, in the circumstances existing here, Dunbar’s presence at a resentencing would be a prime example of a situation “when presence would be useless, or the benefit but a shadow.” Id. (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-07, 54 S.Ct. 330, 78 L.Ed. 674 (1934)).